UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. 2:15-CR-137 |
| ) | Judge Greer |
| ASHLEY BELL ) | |

## PLEA AGREEMENT

The United States of America, by the Acting United States Attorney for the Eastern District of Tennessee, and the defendant, Ashley Bell, and the defendant's attorney, Bryce W. McKenzie, have agreed upon the following:

1. The defendant will plead guilty to the following count(s) in the indictment:

    a) Count One, conspiracy to distribute 50 grams or more of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(b)(1)(A).

    The punishment for this offense is as follows: a minimum mandatory term of imprisonment of at least 10 years and up to life, a fine of up to $10,000,000, and a period of supervised release of at least 5 years and up to life.

2. In consideration of the defendant's guilty plea(s), the United States agrees to move the Court at the time of sentencing to dismiss the remaining count(s) against the defendant in this indictment.

3. The defendant has read the indictment, discussed the charges and possible defenses with defense counsel, and understands the crime(s) charged.

4. In support of the defendant's guilty plea, the defendant agrees and stipulates to the following facts, which satisfy the offense elements. These are the facts submitted for purposes of the defendant's guilty plea. They do not necessarily constitute all of the facts in the case. Other facts may be relevant to sentencing. Both the defendant and the United States retain the right to present additional facts to the Court to ensure a fair and appropriate sentence in this case.

a) In the summer of 2012 the 3rd DTF and DEA began an investigation into a significant methamphetamine distribution conspiracy that was trafficking high purity Mexican methamphetamine (ICE) from Atlanta, Georgia into northeast Tennessee. A successful prosecution was undertaken of the key players in that conspiracy (*U.S. v. Scrogum, Vincent, and Seay*, 2:13-CR-43).

b) After those conspirators were incarcerated, related conspiracies emerged to fill the void created by their imprisonment. Individuals who had been primarily drug users who were supplied by the initial conspiracy evolved into more significant distributors. These players developed a new source of supply in Atlanta, Georgia, Richard Alan DAVIS (2:15-cr-90). In a series of related prosecutions, the United States has prosecuted key conspirators who were trafficking methamphetamine in this evolving drug trafficking operation. (U.S. v. Joshua Myers, Jodi Brown, Jesse Brown, Christopher Penley, Alison Moore, Erica Paige Murphy, 2:14-cr-130; U.S. v. Chadwick Ayers, 2:15-cr-10; U.S. v. Steven Ball, Christopher Luttrell, 2:15-cr-23; U.S. v. Tito Charles, 2:15-cr-22; U.S. v. Sherise Hinkle, 2:15-cr-66; U.S. v. David Bernard, 2:15-cr-117).

c) It was the modus operandi of the operation that conspirators who lived in and around Greene County, Tennessee would travel to locations near Atlanta, Georgia to obtain methamphetamine from their shared source of supply, Davis. The conspirators would then return to

2

the Eastern District of Tennessee where the methamphetamine would be further distributed for profit as well as personal use.

d) On July 13, 2015 the defendant was traffic stopped while traveling southbound on I-75 in Chattanooga, Tennessee for failing to maintain a lane and a light law violation. The defendant was the sole occupant of the vehicle. After developing a reasonable and articulable suspicion the officer asked the defendant to get out of her car and then deployed a canine trained to detect the presence of certain drugs to conduct a free air sniff. The canine alerted to the driver's side door of the vehicle. After the canine alerted, the defendant told the officer that there was a pistol under the driver's seat. Bell was then handcuffed and patted down and found to have a handgun in her waistband.

e) The officer then conducted a search of the vehicle and found methamphetamine and additional firearms. In total, officers found five (5) firearms, methamphetamine, $17,269 of U.S. currency and a drug ledger. The methamphetamine was sent to the DEA laboratory for analysis and determined to be 68.3 grams of 100% pure methamphetamine.

f) The defendant possessed the following firearms, each of which was manufactured outside the state of Tennessee and therefore affected interstate commerce:

      i. Smith & Wesson, Model SD40VE, S#: HFF5084
      ii. Cobra Ent, Model CB38, S#: CT102761
      iii. Amedeo Rossi, Model 38 Special, S#: 219021
      iv. Taurus, Model PT738, S#: 20163A
      v. Davis Ind, Model P-380, S#: AP002426

g) The defendant was cooperative with law enforcement and provided a *Mirandized* statement confessing her involvement in a drug trafficking organization. The defendant stated that she had been selling methamphetamine since late 2014 and that her participation began when started

dating Matthew Luttrell (2:15-cr-23). The defendant said that Lutrell was secretive about his dealings but that she did travel with him approximately three times to Atlanta to obtain large quantities of methamphetamine from Richard Alan Davis. (2:15-cr-90) The defendant admitted that they obtained between 6 and 8 ounces each trip.

h) The defendant said that after Luttrell was arrested in October, 2014 she eventually began to travel alone to Georgia in order to buy methamphetamine from Davis. The defendant admitted that between March 2015 and July 13, 2015, she traveled to Atlanta once a week to obtain methamphetamine from Davis and that when she was arrested she was on her way to obtain approximately $10,000 of methamphetamine from Davis. The defendant stated that she usually paid Davis $1,400 per ounce and that the methamphetamine she purchased was intended for resale.

i) For the purposes of this plea agreement, the parties agree that a 2 level enhancement for possessing a firearm under §3D1.1(b)(1) should apply to this defendant.

j) For the purposes of this plea agreement, the parties agree that **no** aggravating role enhancements under §3B1.1 should apply to this defendant.

k) For the purposes of this plea agreement, the parties agree that **no** enhancement for the offense involving the importation of methamphetamine under §2D1.1(b)(12) should apply to this defendant.

l) For the purposes of this plea agreement, the parties agree that the defendant should be held responsible for at least 50 grams but less than 150 grams of actual methamphetamine.

5. The defendant is pleading guilty because the defendant is in fact guilty. The defendant understands that, by pleading guilty, the defendant is giving up several rights, including:

a) the right to plead not guilty;

b) the right to a speedy and public trial by jury;

c) the right to assistance of counsel at trial;

d) the right to be presumed innocent and to have the burden of proof placed on the United States to prove the defendant guilty beyond a reasonable doubt;

e) the right to confront and cross-examine witnesses against the defendant;

f) the right to testify on one's own behalf, to present evidence in opposition to the charges, and to compel the attendance of witnesses; and

g) the right not to testify and to have that choice not used against the defendant.

6. The parties agree that the appropriate disposition of this case would be the following as to each count:

a) The Court may impose any lawful term(s) of imprisonment, any lawful fine(s), and any lawful term(s) of supervised release up to the statutory maximum(s);

b) The Court will impose special assessment fees as required by law; and

c) The Court may order forfeiture as applicable and restitution as appropriate.

No promises have been made by any representative of the United States to the defendant as to what the sentence will be in this case. Any estimates or predictions made to the defendant by defense counsel or any other person regarding any potential sentence in this case are not binding on the Court, and may not be used as a basis to rescind this plea agreement or withdraw the defendant's guilty plea(s). The defendant understands that the sentence in this case will be determined by the Court after it receives the presentence investigation report from the United States Probation Office and any information presented by the parties. The defendant acknowledges that the sentencing

determination will be based upon the entire scope of the defendant's criminal conduct, the defendant's criminal history, and pursuant to other factors and guidelines as set forth in the Sentencing Guidelines and the factors set forth in 18 U.S.C. § 3553.

7. Given the defendant's agreement to plead guilty, the United States will not oppose a two-level reduction for acceptance of responsibility under the provisions of Section 3E1.1(a) of the Sentencing Guidelines. Further, if the defendant's offense level is 16 or greater, and the defendant is awarded the two-level reduction pursuant to Section 3E1.1(a), the United States agrees to move, at or before the time of sentencing, the Court to decrease the offense level by one additional level pursuant to Section 3E1.1(b) of the Sentencing Guidelines. Should the defendant engage in any conduct or make any statements that are inconsistent with accepting responsibility for the defendant's offense(s), including violations of conditions of release or the commission of any additional offense(s) prior to sentencing, the United States will be free to decline to make such motion, to withdraw that motion if already made, and to recommend to the Court that the defendant not receive any reduction for acceptance of responsibility under Section 3E1.1 of the Sentencing Guidelines.

8. The defendant agrees to pay the special assessment in this case prior to sentencing.

9. Financial Obligations. The defendant agrees to pay all fines and restitution imposed by the Court to the Clerk of Court. The defendant also agrees that the full fine and/or restitution amount(s) shall be considered due and payable immediately. If the defendant cannot pay the full amount immediately and is placed in custody or under the supervision of the Probation Office at any

time, the defendant agrees that the Bureau of Prisons and the Probation Office will have the authority to establish payment schedules to ensure payment of the fine and/or restitution. The defendant further agrees to cooperate fully in efforts to collect any financial obligation imposed by the Court by set-off of federal payments, execution on non-exempt property, and any other means the United States deems appropriate. The defendant and counsel also agree that the defendant may be contacted post-judgment regarding the collection of any financial obligation imposed by the Court without notifying the defendant's counsel and outside the presence of the defendant's counsel. In order to facilitate the collection of financial obligations to be imposed with this prosecution, the defendant agrees to disclose fully all assets in which the defendant has any interest or over which the defendant exercises control, directly or indirectly, including those held by a spouse, nominee, or other third party. In furtherance of this agreement, the defendant additionally agrees to the following specific terms and conditions:

a) If so requested by the United States, the defendant will promptly submit a completed financial statement to the U.S. Attorney's Office, in a form it provides and as it directs. The defendant promises that such financial statement and disclosures will be complete, accurate, and truthful.

b) The defendant expressly authorizes the U.S. Attorney's Office to obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court.

c) If so requested by the United States, the defendant will promptly execute authorizations on forms provided by the U.S. Attorney's office to permit the U.S. Attorney's Office to obtain financial and tax records of the defendant.

10. The defendant acknowledges that the principal benefits to the United States of a plea agreement include the conservation of limited government resources and bringing a certain end to the case. Accordingly, in consideration of the concessions made by the United States in this agreement and as a further demonstration of the defendant's acceptance of responsibility for the offense(s) committed, the defendant voluntarily, knowingly, and intentionally agrees to the following:

a) The defendant will not file a direct appeal of the defendant's conviction(s) or sentence with one exception: The defendant retains the right to appeal a sentence imposed above the sentencing guideline range determined by the Court or above any mandatory minimum sentence deemed applicable by the Court, whichever is greater. The defendant also waives the right to appeal the Court's determination as to whether the defendant's sentence will be consecutive or partially concurrent to any other sentence.

b) The defendant will not file any motions or pleadings pursuant to 28 U.S.C. § 2255 or otherwise collaterally attack the defendant's conviction(s) or sentence, with two exceptions: The defendant retains the right to file a § 2255 motion as to (i) prosecutorial misconduct and (ii) ineffective assistance of counsel.

c) The defendant will not, whether directly or by a representative, request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including, without limitation, any records that may be sought under the Freedom of Information Act, 5 U.S.C. Section 552, or the Privacy Act of 1974, 5 U.S.C. Section 552a.

11. This plea agreement becomes effective once it is signed by the parties and is not contingent on the defendant's entry of a guilty plea. If the United States violates the terms of this plea agreement, the defendant will have the right to withdraw from this agreement. If the defendant violates the terms of this plea agreement in any way (including but not limited to failing to enter guilty plea(s) as agreed herein, moving to withdraw guilty plea(s) after entry, or by violating any court order or any local, state or federal law pending the resolution of this case), then the United States will have the right to void any or all parts of the agreement and may also enforce whatever parts of the agreement it chooses. In addition, the United States may prosecute the defendant for any and all federal crimes that the defendant committed related to this case, including any charges that were dismissed and any other charges which the United States agreed not to pursue. The defendant expressly waives any statute of limitations defense and any constitutional or speedy trial or double jeopardy defense to such a prosecution. The defendant also understands that a violation of this plea agreement by the defendant does not entitle the defendant to withdraw the defendant's guilty plea(s) in this case.

12. The United States will file a supplement in this case, as required in every case by the Local Rules of the United States District Court for the Eastern District of Tennessee, even though there may or may not be any additional terms. If additional terms are included in the supplement, they are hereby fully incorporated herein.

13. This plea agreement and supplement constitute the full and complete agreement and understanding between the parties concerning the defendant's guilty plea to the above-referenced

charge(s), and there are no other agreements, promises, undertakings, or understandings between the defendant and the United States. The parties understand and agree that the terms of this plea agreement can be modified only in writing signed by all of the parties and that any and all other promises, representations, and statements whether made before, contemporaneous with, or after this agreement, are null and void.

NANCY STALLARD HARR
ACTING UNITED STATES ATTORNEY

_1/29/16_  By: _____
Date          J. CHRISTIAN LAMPE
              Assistant United States Attorney

_01-27-16_        _____
Date              ASHLEY BELL
                  Defendant

_01/27/2016_      _____
Date              BRYCE W. MCKENZIE
                  Attorney for the Defendant

10